UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO VIVANCO-ZAMBRANO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI-MENDOTA,<br><br>Respondent. | No. 1:23-cv-01328-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Docs. 10]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 7, 2023, Petitioner filed the instant habeas petition. (Doc. 1.) On November 30, 2023, Respondent filed a motion to dismiss the petition. (Doc. 11.) Respondent seeks dismissal because Petitioner was granted the relief he sought as the BOP has applied his earned First Step Act time credits to his sentence and he has been released from BOP custody as of November 17, 2023. Petitioner did not file an opposition. Having reviewed the pleadings, the Court will recommend that Respondent's motion to dismiss be GRANTED.

**DISCUSSION**

**I.      Motion to Dismiss**

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer.

1  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate
2  motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599,
3  602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state
4  procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
5  The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n.
6  12.

**II.   Mootness**

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies."  To ensure that any matter presented to a federal court meets that requirement, the Court considers the doctrines of standing, ripeness, and mootness.  See Poe v. Ullman, 367 U.S. 497, 502-505 (1961).  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP, Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Petitioner alleges the BOP found him ineligible for application of First Step Act time credits because the BOP incorrectly determined he was under a final order of removal. Respondent argues this is incorrect, claiming that Petitioner has been found eligible for application of First Step Act time credits, those credits have been applied, and Petitioner was released from BOP custody on November 17, 2023.  Respondent's exhibits bear out this contention.  According to BOP records, Petitioner was found eligible and granted 299 days of First Step Act time credits toward his sentence.  (Doc. 10-1 at 5-6.)  As a result, Petitioner was released from BOP custody on November 17, 2023. (Doc. 10-1 at 5.)  Since Petitioner has been granted the relief he sought, as Respondent correctly states, the underlying matter is moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:     **January 5, 2024**                    /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE

3